7/22/2022 1:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66585163
By: Maria Rodriguez
Filed: 7/22/2022 1:05 PM

2022-43967 / Court: 151

| | | |
|---|---|---|
| ROCKIE CARRILLO | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| KROGER TEXAS L.P. AND | § | |
| THE KROGER CO. | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff ROCKIE CARRILLO, in the above-styled and numbered cause, complaining of Defendants KROGER TEXAS L.P. and THE KROGER CO., hereinafter referred to as "Defendants" and for cause of action would respectfully show unto this Honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

Plaintiff, ROCKIE CARRILLO, is an individual who resides in Harris County, Texas.

Defendant KROGER TEXAS L.P. is a Foreign Limited Partnership doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. **SERVICE IS REQUESTED VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, ISSUED BY THE HARRIS COUNTY DISTRICT CLERK.**

1 | P a g e

Defendant THE KROGER CO. is a Foreign Limited Partnership doing business in the State of Texas for the purpose of profit and may be served with process and citation by serving its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701. **SERVICE IS REQUESTED VIA CERTIFIED U.S. MAIL, RETURN RECEIPT REQUESTED, ISSUED BY THE HARRIS COUNTY DISTRICT CLERK.**

### III.
### JURISDICTION AND VENUE

Venue is proper and permissive in Harris County, Texas as the incident which makes the basis of this suit occurred in Harris County, Texas. Further, Plaintiff suffered damages within the jurisdictional limits of the Court. Plaintiff reserves the right to amend said pleading should additional facts become known which affect this evaluation.

### IV.
### BACKGROUND FACTS

Plaintiff would show that on or about August 14, 2021, Plaintiff was a customer of Defendants' business, shopping for groceries at Kroger Grocery Store located at 2150 Spring Stuebner Road in Spring, Harris County, Texas. Plaintiff was passing through the store when he slipped and fell on a currently unknown liquid substance which was allowed to accumulate on the floor.

Accordingly, Plaintiff was a customer to whom Defendant owed a duty to use ordinary care in making its premises reasonably safe and/or warning the Plaintiff of any dangerous conditions and/or activities existing upon said premises. Plaintiff's fall

**EXHIBIT A**

discussed above proximately caused the injuries and damages more specifically described herein.

## V.
### PREMISES LIABILITY

On the occasion in question, the Defendants, acting through their agents, servants, and/or employees who were at all times acting within the course and scope of their employment committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to wit:

1. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other customers entering the premises;

2. In failing to correct the unreasonably dangerous condition on the premises;

3. In failing to warn customers, including the Plaintiff of the dangerous condition of the premises in question;

4. In failing to properly inspect the premises in question to discover the unreasonably dangerous condition in question;

5. In failing to properly train its employees regarding the proper manner in which to make the premises reasonably safe;

6. In failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe;

7. In creating the condition; and

8. In failing to enforce proper policies, rules, and/or procedures to make its premises reasonably.

**EXHIBIT A**

Each of these acts and omissions, singularly or in combination with others, constitute negligence. Such acts and omissions proximately caused the occurrence made the basis of this suit and the resulting injuries and damages suffered by Plaintiff.

Further, Plaintiff would show that at the time of this accident, Defendants' employees were acting in the course and scope of their employment and therefore Defendants are liable under the doctrine of respondent superior.

In sum, Defendants are liable because at time of trial, Plaintiff will show that (1) Plaintiff was an invitee; (2) defendants exercised control over the premises; (3) a dangerous premises condition existed; and (4) defendants had actual or constructive knowledge of the dangerous condition, and the above proximately caused Plaintiff's injuries.

## VI.
## DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff suffered and endured anxiety, pain, and illness resulting in damages more fully set forth below.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

    A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident.

    B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

    C.   Physical pain and suffering in the past;

**EXHIBIT A**

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Physical disfigurement in the past; and

L.   Physical disfigurement which will, in all probability, be suffered in the future.

As discussed above, Plaintiffs suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and physical pain and will likely continue to suffer these damages in the future. Plaintiff is required by Texas law to state the maximum amount of damages he seeks. Plaintiff believes that when the totality of his damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a fact finder may ultimately decide that Plaintiff's damages exceed two hundred fifty thousand dollars ($250,000.00) but it is unlikely that a fact finder would decide that Plaintiff's damages exceed one million dollars ($1,000,000.00). Plaintiff therefore sues for a sum in excess of two hundred fifty thousand dollars but not to exceed one million dollars to be determined by the fact finder in its sole discretion.

**EXHIBIT A**

## VII.
### INTEREST

Plaintiff seeks pre- and post-judgment interest at the highest legal rate allowed by law.

## VIII.
### RULE 194 REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are hereby requested to disclose, in a manner contemplated by the TRCP, the information or material described in Rule 194.2.

## IX.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, KROGER TEXAS L.P. and THE KROGER CO., be cited to appear and answer herein and that upon final trial, Plaintiff has judgment, jointly and severally, against Defendants for actual and special damages described above in the full amount allowed by law, together with costs of court, pre-judgment and post-judgment interest, and for relief, both general and special, at law or in equity, to which Plaintiff is justly entitled to receive.

**EXHIBIT A**

Respectfully Submitted,

## GLAZE | GARRETT

*/s/ Jordan Glaze*
**Jordan A. Glaze**
Texas Bar No. 24059826
**Josh Garrett**
Texas Bar No. 24067616
**Greg Geddie**
Texas Bar No. 24116419
P.O. Box 1599
Gilmer, Texas 75644
T: 903-843-2323/ F: 888-511-1225
j.glaze@glazegarrett.com
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**